Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorney for Plaintiff
ISIDORO BALY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ISIDORO BALY, | Case No.: |
|     Plaintiff, | **COMPLAINT** |
|   vs. | |
| SIRIUS XM RADIO, INC., a California Corporation, | **Violation(s) of Telephone Consumer Protection Act of 1991** |
|     Defendants. | **Trespass to Chattel** **Unfair Business Practices** |

COMES NOW Plaintiff ISIDORO BALY (hereinafter referred to as "Plaintiff") who alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles.

- 1 -

Complaint

2.      Defendant SIRIUS XM RADIO, INC ("SIRIUS") is, and at all times herein mentioned was, a Delaware corporation, doing business in the County of San Diego, State of California.

3.      This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, --U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## **FACTUAL SUMMARY**

5.      Defendants made eighteen (18) calls to ISIDORO BALY's residential wireless phone number (818- 419-8044) using an automated telephone dialing system wherein they tried to pitch their paid radio service on the following dates and times and using the following Caller ID ("CID") information:

| | DATE | TIME OF CALL | INCOMING # | Length of call |
|---|---|---|---|---|
| 1 | January 11, 2015 | 3:22 pm | 818-280-4945 | 2 minute |
| 2 | January 13, 2015 | 9:55 am | 818-280-4945 | 1 minute |
| 3 | January 15, 2015 | 9:08 am | 818-280-4945 | Missed call |
| 4 | January 15, 2015 | 4:53 pm | 818-280-4945 | 6 seconds |
| 5 | January 18, 2015 | 3:17 pm | 818-280-4945 | 6 seconds |
| 6 | January 19, 2015 | 10:01 am | 818-280-4945 | 5 seconds |
| 7 | February 13, 2015 | 6:37 pm | 818-477-4283 | Missed call |

Complaint

| 8 | February 16, 2015 | 2:32 pm | 818-477-4283 | 37 seconds |
| 9 | February 17, 2015 | 6:57 pm | 818-477-4283 | Missed call |
| 10 | February 18, 2015 | 5:30 pm | 818-477-4283 | Missed call |
| 11 | February 19, 2015 | 5:35 pm | 818-477-4283 | Missed call |
| 12 | February 20, 2015 | 6:59 pm | 818-477-4283 | Missed call |
| 13 | February 23, 2015 | 7:24 pm | 818-477-4283 | 5 seconds |
| 14 | February 25, 2015 | 1:26 pm | 818-477-4283 | 6 seconds |
| 15 | February 26, 2015 | 2:45 pm | 818-477-4283 | Missed call |
| 16 | February 26, 2015 | 7:26 pm | 818-477-4283 | 35 seconds |
| 17 | March 19, 2015 | 4:39 pm | 818-477-4283 | 32 seconds |
| 18 | March 20, 2015 | 12:18 pm | 818-477-4283 | 2 minutes |

6.     Mr. Baly's residential wireless phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from in or around 2013 to the present.

7.     While each of the calls complained of above used the Caller ID number, they did not transmit Caller ID name information as required by law. 47 C.F.R. § 64.1601(e).

8.     Plaintiff alleges on information and belief that Plaintiff did not discover who was making the calls until the January 15, 2015 calls wherein during the second call the caller identified as being with Sirius immediately because during the calls on the previous days the caller's representative had obscured the purpose of the call by saying they wanted to talk about car service which obscured the real purpose of the calls.

9.     During each call after January 15, 2015 which Plaintiff answered the caller identified as being with Sirius immediately and tried to make a sales pitch.

10.     Also during each call which Plaintiff answered there was the tell tale pause between when he picked up the phone and greeted the caller and when the

Sirius representative came on the line, which is the hallmark of a predictive dialer system because it does not put the caller's representative on the line until the autodialing computer recognized that the call has been picked up by a live person and this often takes a few seconds which is noticeably longer than human response time when live people initiate a call.

11.    Since the calls above that Mr. Baly did not answer used the same exact CID information as the calls he did answer and during those calls there was the tell tale autodialer pause and then the representative self identified as being with Sirius and began to make their sales pitch, Plaintiff pleads on information and belief that Defendant made the missed calls using the same autodialer to try to sell Defendant's same paid radio service.

<u>Actual Harm & Willful and Knowing Conduct</u>

12.    Mr. Baly has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation these illegal intrusions have caused.

13.    Mr. Baly has been harmed by the calls he did not answer by the direct waste of his time in having to check the Caller ID while he was busy in meetings or with other projects before declining the call, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation these illegal intrusions have caused.

14.    Plaintiff alleges on information and belief that Defendants made the calls described above intentionally, in the sense that the number called was the one

they meant to call in pitching their services Plaintiff alleges on information and belief that Defendants made the calls described above knowing that they were made in contravention of the TCPA and other telemarketing laws and regulations.

Class Action Exclusion

15.    Plaintiff is aware Sirius settled somewhat similar claims in *Hooker v. Sirius XM Radio, Inc*., Case No. 4:13-cv-0003 (E.D. Va.).

16.    Plaintiff timely mailed the requisite class exclusion or "opt-out" letter bearing his full name, address, wireless phone number excluded, message unequivocally requesting exclusion, and signature to the claims administrator on September 22, 2016.

**FIRST CAUSE OF ACTION**

[TCPA Violation – Autodialed Call To Cell – For All 20 Calls]

17.    Plaintiff realleges paragraphs 1 through 4 above and incorporates them herein by reference.

18.     Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

19.    Subdivision (b) (1) (A) (iii) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "Make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a paging service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."

20.     Defendants have been calling Plaintiff's number assigned to a paging service, using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's express permission on at least 2 occasions during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are only the calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's number assigned to a paging service.  These calls were not made for any emergency purpose, nor were these calls exempt under subdivision (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

21.     Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (A) (iii).  Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION

[TCPA Violation – Do Not Call List – For All 20 Calls]

22.   Plaintiff realleges all paragraphs above and incorporates them herein by reference.

23.   Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

24.   Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish

Complaint

to receive telephone solicitations".

25.   At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

26.   Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

27.   Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder.  Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.


WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:


On the FIRST CAUSE OF ACTION:

1.   For an award of $500.00 for each violation of 47 U.S.C § 227(b)(1)(a)(iii) pursuant to 47 U.S.C. § 227(b)(3);

2.   For an award of $1,500.00 for each such violation found to have been willful;

Complaint

On the SECOND CAUSE OF ACTION:

    3.    For an award of $500.00 for each violation of 47 C.F.R. §64.1200(c)(2) pursuant to 47 U.S.C. 227(c)(5);

On ALL CAUSES OF ACTION:

    4.    For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

    5.    For costs of suit herein incurred; and

    6.    For such further relief as the Court deems proper.

DATED: January 11, 2019               **PRATO & REICHMAN, APC**

<u>/s/Christopher J. Reichman, Esq.</u>
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
ISIDORO BALY

Complaint